UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HACIENDA VILLAGE HOMEOWNERS
ASSOCIATION, INC., a Florida non-
profit corporation,

    Plaintiff,

vs.                                    Case No.   2:10-cv-604-FtM-29DNF

MARSH, INC. a foreign corporation,
SEABURY & SMITH, INC., PAULA
MURDOCK, MARSH & MCLENNAN COMPANIES,
INC., a foreign corporation also
known as Marsh & McLennan Companies,
Inc.,

    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion For Leave To File First Amended Complaint And Jury Demand To Add Parties (Doc. #32) filed on June 3, 2011. Defendants filed a Response (Doc. #33) on June 9, 2011. Plaintiff filed a Reply (Doc. #40) pursuant to Court Order on June 29, 2011.[1]

**I.**

On or about September 30, 2010, this case was removed from the Twentieth Judicial Circuit Court, in and for Lee County, Florida on the basis of diversity of citizenship. (Doc. #1.) The following allegations are summarized from the original complaint (Doc. #2):

---

[1] By a June 22, 2011 Order, the Court vacated the previous Order (Doc. #35) granting the motion to amend and ordered plaintiff to file a Reply. (Doc. #39.)

Hacienda Village Homeowners Association, Inc. (Hacienda) engaged Paula A. Murdock (Murdock), who represented Marsh & McLennan Companies, Inc. (MMC), as its broker, to obtain property insurance for the association including insurance for the property of the members of the association who owned their property in fee simple. In or about December 2004, MMC, through Murdock, submitted a Renewal Proposal of Insurance For Hacienda, which was with Landmark American Insurance Company (Landmark) for approximately $19 million in blanket coverage. The proposal contained a $700,000 "named storm wind/hail" deductible and a $126,000 premium. (Id. at ¶¶ 5-6.) On or about December 24, 2004, Hacienda authorized MMC to accept the insurance proposal.

On or about October 24, 2005, Hurricane Wilma struck Hacienda and caused significant damage in the amount of $11,000,000. When Hacienda submitted a claim for damages, Ms. Murdock allegedly delayed submission of the claim. On or about July 30, 2007, Landmark denied the claim. (Id. at ¶¶ 8-11.)

On or about August 1, 2007, Landmark filed a Complaint for Declaratory Relief in the Middle District of Florida against Hacienda arguing that their insurance claim was untimely and that Hacienda did not have an insurable interest in the entirety of the property. As it turns out, the policy secured by Murdock and MMC contained a condominium association coverage form even though Hacienda needed homeowners association coverage which would cover

the entirety of the property including the property owned by the individual homeowners. On or about November 10, 2008, Landmark and Hacienda ultimately settled the case for an amount less than the damage sustained. (Id. at ¶¶ 11-13.) Hacienda asserts that all defendants breached their duties to Hacienda by failing to procure proper and adequate insurance and by failing to submit the claim properly and/or in a timely manner. (Id. at ¶¶ 14-15.)

Hacienda's motion for leave to file an amended complaint seeks to add two new defendants, Gresham and Associates, Inc. (Gresham) and Advanced Insurance Underwriters, LLC (AIU). (Doc. #32, ¶¶ 4-5.) Gresham is a Georgia corporation and AIU is a Florida limited liability company. Defendants argue that the motion to amend be denied because the addition of AIU would defeat federal jurisdiction.

## II.

This case was removed based on diversity of citizenship under Title 28, United States Code, Section 1332. (Doc. #1.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The presence of a single plaintiff who is a citizen of the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. Exxon Mobil Corp. v.

Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). A limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The decision concerning whether to allow a complaint which has been removed from state court to be amended is governed not by Rule 15(a) but by 28 U.S.C. § 1447(e). Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). Pursuant to 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A district court has only two options: (1) deny the requested joinder, or (2) allow the joinder and remand the case to state court. Ingram, 146 F.3d at 862. Thus, under section 1447(e), a post-removal request to join a non-diverse party defendant "is left to the discretion of the district court . . ." Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

"In exercising discretion to deny joinder, or to permit joinder and remand the case to state court, § 1447(e) requires an evaluation of the prejudice to the parties. Specifically, in deciding whether amendment of the complaint should be allowed, the court should consider several factors including: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking

for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." Mehta v. New York Life Ins. Co., No. 8:09-cv-59, 2009 WL 2252270 at *3 (M.D. Fla. July 28, 2009)(citing Hensgens v. Deere & Co., 833 F.3d 1179, 1182 (5th Cir. 1987)).

Additionally, the Court should consider whether the joinder of the non-diverse party is fraudulent. Bechtelheimer v. Cont'l Airlines, Inc., No. 8:10-cv-2114, 2011 WL 1346860 at *2 (M.D. Fla. April 1, 2011)(citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.")).

> The Eleventh Circuit has determined that fraudulent joinder occurs in three situations. [ ] The first situation occurs "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." [ ] The second situation involves "outright fraud in the plaintiff's pleading of jurisdictional facts." [ ] The third situation arises "where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant."

Id. "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "In making its determination, the

district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor."  Id.

**A. Gresham**

According to the proposed First Amended Complaint (Doc. #36), Gresham is a Georgia corporation with its principal place of business in Georgia.  (Id. at ¶5.)  Defendants do not oppose the addition of Gresham as a party as it would not defeat this Court's jurisdiction. Additionally, it appears that plaintiff seeks to add Gresham in good faith.  Accordingly, the Court will grant plaintiff's motion insofar as it adds Gresham as a defendant.

**B. AIU**

The parties main dispute concerns the joinder of AIU.  AIU is a Florida limited liability company.  If the Court allows AIU to be joined it must remand the case to state court. Ingram, 146 F.3d at 862.  The Court will address each of the § 1447(e) factors described in Mehta, 2009 WL 2252270 at *3, as well as whether the joinder of AIU is fraudulent.

**(1) Attempt to Defeat Federal Jurisdiction**

Defendants argue that by adding AIU plaintiff is merely trying to defeat this Court's jurisdiction because any claims against AIU are time barred and plaintiff was aware of AIU's involvement at the time the initial complaint was filed.  Plaintiff argues to the contrary.

Plaintiff asserts that AIU was negligent in the submission of its insurance claim which occurred sometime in 2006 or 2007. (Doc. #36, ¶18.) Defendants argue that pursuant to Florida Statute § 95.11(3)(a) the four year statute of limitations on negligence actions would have run prior to the filing of the initial complaint. (Doc. #33, p. 4.) However, "a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings . . ." Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1065 (Fla. 2001). Plaintiff's claim had not accrued against any of the defendants for negligence until the judicial proceedings against Landmark concluded. Id. Plaintiff's cause of action against AIU for negligently submitting its insurance claim did not accrue until the judicial proceedings with Landmark concluded in or about November 2008. (See Doc. #36, ¶17.) As the initial complaint was filed on September 30, 2010, a common law negligence action against AIU is not time barred. Additionally, the Court is simply not persuaded that Hacienda is merely adding AIU to defeat federal jurisdiction.

**(2) Dilatory in asking for the amendment**

Plaintiff asserts that defense counsel only recently advised that Murdock left MMC prior to Hurricane Wilma, and thus MMC should not be held liable for the negligent claim submission. Thus, plaintiff only recently knew that it had a viable claim against AIU. (Doc. #40, p. 2.) Defendants assert that plaintiff knew of

-7-

AIU's involvement since August 2010 and that it was suspicious that plaintiff sought an amendment after Defendants filed a Notice (Doc. #7) that it had a pending motion.

Plaintiff's contention that they recently learned that Murdoch was employed with AIU when its insurance claim was submitted is a reasonable one. The Court evaluates factual allegations in plaintiff's favor, and finds that plaintiff was not dilatory in asking for an amendment.

**(3) Significant Injury to the Plaintiff**

Plaintiff asserts if it were unable to add AIU it would be prejudiced by the possibility of inconsistent verdicts, discovery would be duplicative, increasing the costs of litigation, and there would be the possibility of a lack of complete relief. (Doc. #40, p. 4.) Defendants assert that AIU is not an indispensable party and that plaintiff should pursue its claim against AIU in state court. (Doc. #33, p. 5.)

The Court finds that plaintiff's claim against AIU is intertwined with its claims against the other defendants and that questions of law and fact common to all defendants would arise such that parallel proceedings in state court would be a waste of judicial resources.

**(4) Equities**

The Court does not discount defendants' assertion that it will be prejudiced by a remand after devoting time and incurring costs

in this case. However, after evaluating plaintiff's allegations against AIU, and its argument that AIU should be joined, the Court finds that the factors and the balance of the equities weigh in favor of granting plaintiff's motion to amend.

**(5) Fraudulent Joinder**

The Court has also considered whether the joinder of AIU is fraudulent. However, none of the fraudulent joinder situations is applicable in this case. As stated above, plaintiff does have a plausible cause of action against AIU, as it may be vicariously liable for Murdock's negligent submission of the insurance claim. Further, defendants did not contend that there was outright fraud in the jurisdictional facts. Additionally, AIU may be jointly, severally, or alternatively, liable for any negligence in the submission of the insurance claim by Murdock and there are questions of fact which link all of the other defendants with AIU. Therefore, the Court finds that the joinder of AIU is not fraudulent. See Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("If there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper . . .").

Thus, the Court finds that Hacienda should be allowed to amend its complaint to add AIU as a defendant. Since joinder will be

allowed, the case must be remanded to state court due to the parties' lack of complete diversity. Ingram, 146 F.3d at 862.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion For Leave To File First Amended Complaint And Jury Demand To Add Parties (Doc. #32) is **GRANTED.**

2. Plaintiff's Amended Complaint (Doc. #36) is the operative pleading.

3. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

4. The Clerk is **directed** to close this case and terminate all previously scheduled deadlines and other pending motions as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of July, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record